UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARK A. KRULL

    Plaintiff,

v.

ANYTIME FITNESS, L.L.C.,
ANYTIME FITNESS – NEW BRAUNFELS, and
LIFE FITNESS, a division of
BRUNSWICK CORPORATION

    Defendants.

Case Number: **SA13CA0364FB**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Mark A. Krull, for his Complaint against Defendants, AnyTime Fitness, L.L.C., AnyTime Fitness – New Braunfels, and Life Fitness, a division of Brunswick Corporation, alleges as follows:

### PARTIES

1. Mark A. Krull is an individual residing in New Braunfels, Texas ("Krull").

2. On information and belief, AnyTime Fitness, L.L.C. is a Minnesota limited liability company with its principal place of business located in Hastings, Minnesota ("AnyTime").

3. On information and belief, AnyTime Fitness – New Braunfels is a franchisee of Anytime with its principal place of business located in New Braunfels, Texas ("AnyTime-NB").

4. On information and belief, Life Fitness is a division of Brunswick Corporation with its principal place of business located in Schiller Park, Illinois ("Life Fitness").

5. On information and belief, Brunswick Corporation is a Delaware corporation with its principal place of business located in Lake Forest, Illinois ("Brunswick").

## JURISDICTION AND VENUE

6. The allegations set forth in paragraphs 1-5 are hereby realleged in this section.

7. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. The "First Accused Products" are Life Fitness Signature Series single station weight machines, examples of which are shown in the attached Exhibit A.

10. The First Accused Products and/or the manner in which they are manufactured and/or used fall within the scope of at least Krull's U.S. Patent Nos. 6,902,516 and 8,137,248 ("First Asserted Patents").

11. The "Second Accused Products" are Life Fitness Pro2 Series and Optima Series weight machines, examples of which are shown in the attached Exhibit B.

12. The Second Accused Products and/or the manner in which they are manufactured and/or used fall within the scope of at least Krull's U.S. Patent No. 6,387,019 ("Second Asserted Patent").

13. On information and belief, the First Accused Products have been in use at an AnyTime Fitness exercise facility located at 2351 Loop 337, Suite C, New Braunfels, Texas 78130).

14. On information and belief, AnyTime has received franchise fees from residents of this District, and/or has arranged for at least one franchisee to operate in this District.

15. This Court's exercise of personal jurisdiction over AnyTime is consistent with the Constitutions of the United States and the State of Texas.

16. On information and belief, AnyTime-NB operates at least one exercise facility in this District.

17. This Court's exercise of personal jurisdiction over AnyTime-NB is consistent with the Constitutions of the United States and the State of Texas.

18. On information and belief, Life Fitness has operated with a reasonable expectation that at least the First Accused Products will be purchased and/or used by residents in this District.

19. This Court's exercise of personal jurisdiction over Life Fitness is consistent with the Constitutions of the United States and the State of Texas.

20. Venue is proper in this judicial district, pursuant to at least 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and 1400(b).

## PATENT INFRINGEMENT COUNTS

21. The allegations set forth and/or realleged in paragraphs 6-20 are hereby realleged in this section.

22. Krull is the sole and rightful owner of all right, title and interest in and to the First Asserted Patents and the Second Asserted Patent.

23. The activities of all of the Defendants involving the First Accused Products have infringed the First Asserted Patents to the detriment of Krull, and entitle Krull to injunctive relief, damages, reasonable attorney fees, and costs.

24. The activities of Defendant Life Fitness involving the Second Accused Products have infringed the Second Asserted Patent to the detriment of Krull, and entitle Krull to injunctive relief, damages, reasonable attorney fees, and costs.

25. In December of 2011, Krull notified Life Fitness that the First Accused Products infringed U.S. Patent Nos. 6,902,516 (of the First Asserted Patents), and that the Second Accused Products infringed the Second Asserted Patent.

26. In April of 2012, Krull notified Life Fitness that the First Accused Products infringed U.S. Patent Nos. 8,137,248 (of the First Asserted Patents).

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 6,902,516

27. The allegations set forth and/or realleged in paragraphs 21-26 are hereby realleged in this section.

28. U.S. Patent No. 6,902,516 ("USPN 516") was duly and properly issued by the U.S. Patent and Trademark Office on June 7, 2005, and remains in full force and effect.

29. A true and correct copy of USPN 516 is attached hereto as Exhibit C.

30. On information and belief, each Defendant has infringed, induced infringement of, and/or contributed to infringement of at least claim 18 of USPN 516 by making, using,

offering for sale and/or selling the First Accused Products in the United States, and/or importing the First Accused Products into the United States.

31.  Subsequent to receiving notice of USPN 516, to the extent that Defendant Life Fitness has sold the First Accused Products despite an objectively high likelihood that its continued actions constituted patent infringement, such infringement activity of Defendant Life Fitness has been knowing and willful.

32.  By reason of the foregoing, Krull is entitled to relief against each said Defendant, pursuant to at least 35 U.S.C. § 284.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 8,137,248

33.  The allegations set forth and/or realleged in paragraphs 21-26 are hereby realleged in this section.

34.  U.S. Patent No. 8,137,248 ("USPN 248") was duly and properly issued by the U.S. Patent and Trademark Office on March 20, 2012, and remains in full force and effect.

35.  A true and correct copy of USPN 248 is attached hereto as Exhibit D.

36.  On information and belief, each Defendant has infringed, induced infringement of, and/or contributed to infringement of at least claim 23 of USPN 248 by making, using, offering for sale and/or selling the First Accused Products in the United States, and/or importing the First Accused Products into the United States.

37.  Subsequent to receiving notice of USPN 248, to the extent that Defendant Life Fitness has sold the First Accused Products despite an objectively high likelihood that its

continued actions constituted patent infringement, such infringement activity of Defendant Life Fitness has been knowing and willful.

38. By reason of the foregoing, Krull is entitled to relief against each said Defendant, pursuant to at least 35 U.S.C. § 284.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 6,387,019

39. The allegations set forth and/or realleged in paragraphs 21-26 are hereby realleged in this section.

40. U.S. Patent No. 6,387,019 ("USPN 019") was duly and properly issued by the U.S. Patent and Trademark Office on May 14, 2002, and remains in full force and effect.

41. A true and correct copy of USPN 019 is attached hereto as Exhibit E.

42. On information and belief, Defendant Life Fitness has infringed, induced infringement of, and/or contributed to infringement of at least claim 11 of USPN 019 by making, using, offering for sale and/or selling the Second Accused Products in the United States and/or importing the Second Accused Products into the United States.

43. Subsequent to receiving notice of USPN 019, to the extent that Defendant Life Fitness has sold the Second Accused Products despite an objectively high likelihood that its continued actions constituted patent infringement, such infringement activity of Defendant Life Fitness has been knowing and willful.

44. By reason of the foregoing, Krull is entitled to relief against Defendant Life Fitness, pursuant to at least 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Krull prays for relief as follows:

A. A judgment that each Defendant has infringed the First Asserted Patents;

B. An order permanently enjoining each Defendant, its agents, servants, and any and all parties acting in concert with any of them, from (i) directly or indirectly making, using and/or selling the First Accused Products in the United States, and/or (ii) importing the First Accused Products into the United States, pursuant to at least 35 U.S.C. § 283;

C. A judgment against each Defendant awarding Krull damages adequate to fully compensate Krull for each Defendant's infringement of the First Asserted Patents, together with interest and costs, pursuant to at least 35 U.S.C. § 284;

D. A judgment that Defendant Life Fitness has infringed the Second Asserted Patent;

E. An order permanently enjoining Defendant Life Fitness, its agents, servants, and any and all parties acting in concert with any of them, from (i) directly or indirectly making, using and/or selling the Second Accused Products in the United States, and/or (ii) importing the Second Accused Products into the United States, pursuant to at least 35 U.S.C. § 283;

F. A judgment against Defendant Life Fitness awarding Krull damages adequate to fully compensate Krull for Defendant Life Fitness's infringement of the Second Asserted Patent, together with interest and costs, pursuant to at least 35 U.S.C. § 284;

G. A judgment that, with respect to the activities of Defendant Life Fitness, the damages awarded to Krull be trebled, pursuant to at least 35 U.S.C. § 284;

H.    A judgment that, with respect to Defendant Life Fitness, this is an exceptional case of knowing and willful patent infringement;

I.    A judgment against Life Fitness awarding Krull reasonable attorney fees, pursuant to at least 35 U.S.C. § 285; and

J.    Such other and further relief as the Court deems just and equitable.

Dated:  April 30, 2013

*/s/ Mark A. Krull*

Mark A. Krull (pro se)
519 Wilderness Way
New Braunfels, TX 78132

phone:  (541) 385-0383
e-mail:  markakrull@gmail.com